UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
_____

THOMAS HOULAHAN,

          Plaintiff,

    v.               1:11-CV-1240
                    (FJS/AK)
MAUREEN BROWN and TERRANCE
HOULAHAN,

         Defendants.
_____

APPEARANCES

**THOMAS HOULAHAN**
Washington, D.C.
Plaintiff *pro se*

**MAUREEN BROWN**
Cape Coral, Florida
Defendant *pro se*

**TERRANCE HOULAHAN**
Bishops Stortford, UK
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court are Magistrate Judge Kay's August 12, 2013 Report and Recommendation, *see* Dkt. No. 35, and Plaintiff's objections thereto, *see* Dkt. No. 39.[1] The

---

[1] The Court assumes the parties' familiarity with the facts underlying this action as well as with Magistrate Judge Kay's recommendations and Plaintiff's objections thereto. Therefore, the Court will not repeat them here.

Court heard oral argument regarding these objections on September 30, 2013.[2] At the end of the argument, the Court advised the parties that it would issue a written decision resolving Plaintiff's objections to Magistrate Judge Kay's recommendations. The following constitutes the Court's resolution of Plaintiff's objections.

## II. BACKGROUND

On January 16, 2013, Defendant Terrance Houlahan moved to dismiss Plaintiff's amended complaint. *See* Dkt. No. 17, Defendant Terrance Houlahan's Motion to Dismiss. Among other things, he sought dismissal on the grounds of judicial estoppel, collateral estoppel, res judicata, and lack of jurisdiction. *See id.* On February 25, 2013, Defendant Brown moved to dismiss Plaintiff's amended complaint on the grounds of lack of personal jurisdiction and failure to state a claim on which the Court could grant relief. *See* Dkt. No. 21, Defendant Brown's Motion to Dismiss.

In a Report and Recommendation dated August 12, 2013, Magistrate Judge Kay found that (1) the Court lacked personal jurisdiction over Defendants; (2) the District of Columbia was the wrong venue for this action; and (3) Plaintiff had failed to state a plausible claim against either Defendant. *See generally* Dkt. No. 35.

Plaintiff filed objections to Magistrate Judge Kay's recommendations. *See* Dkt. No. 39. Specifically, Plaintiff contended that Magistrate Judge Kay had erred in the following ways: (1) by refusing him an opportunity to amend his complaint, (2) by applying New Hampshire's statute of limitations and misinterpreting the District of Columbia's statute of limitations, (3) by

---

[2] Plaintiff appeared in person for argument. Both Defendants appeared by telephone.

recommending dismissal on venue grounds, which the court raised *sua sponte*, (4) by misinterpreting 28 U.S.C. § 1391, (5) by holding that the allegations in his complaint did not meet the *Twombly/Iqbal* standard, and (6) by finding that he had sustained harm from the defamation-related torts in New Hampshire, rather than in the District of Columbia. Furthermore, Plaintiff asserted that, to the extent there was any doubt about the "persistent course of conduct" requirement of § 13-423(4), the Court should afford him limited discovery on this issue. *See generally* Dkt. No. 39.

### III. DISCUSSION

**A.     Standard of review**

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify the recommendations therein. *See* 28 U.S.C. § 636(b)(1). The court conducts a *de novo* review of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). ""If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Bon Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)). In this case, although many of Plaintiff's objections are conclusory or merely repeat his original arguments, because of his *pro se* status, the Court has conducted a *de novo* review of Magistrate Judge Kay's Report and Recommendation in light of Plaintiff's objections.

**B.      Personal jurisdiction**

"In a diversity case, the federal district court's personal jurisdiction over the defendant is coextensive with that of a District of Columbia court." *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (citing *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987)). On a motion to dismiss based on lack of personal jurisdiction, the plaintiff bears the burden of proving that the court has personal jurisdiction over the defendant. *See Frost v. Catholic Univ. of Am.*, No. 12-1460, 2013 WL 4129129, *2 (D.D.C. Aug. 15, 2013) (citation omitted). To meet his burden, a plaintiff must assert "'specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations.'" *Id.* (quoting *Moore v. Motz*, 437 F. Supp. 2d 88, 90-91 (D.D.C. 2006)). Moreover, unlike a motion to dismiss for failure to state a claim, the court "'may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.'" *Id.* (quoting *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). A court also does not need to treat as true all of the plaintiff's allegations when determining whether personal jurisdiction exists. *See id.* (citing *Fuentes-Fernandez & Co. v. Caballero & Castellanos, PL*, 770 F. Supp. 2d 277, 279 (D.D.C. 2011)).

"To assert personal jurisdiction over a non-resident defendant, service of process must be authorized by statute and must comport with the Due Process Clause of the Fourteenth Amendment." *Frost*, 2013 WL 4129129, at *3 (citing *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 158 (D.C. 1978), *cert. denied* 439 U.S. 980, 99 S. Ct. 567, 58 L. Ed. 2d 651). Courts have held that the District of Columbia's long-arm statute extends as far as the Due Process Clause allows. *See id.* (citing *Mouzavires v. Baxter*, 434 A.2d 988 (D.C. 1981) (en banc), *cert. denied*, 455 U.S. 1006, 102 S. Ct. 1643, 71 L. Ed. 2d 875). Thus, "personal jurisdiction exists

when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

The District of Columbia's long-arm statute provides, in relevant part, that

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or through an agent, as to a claim for relief arising from the person's
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside of the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. . . .

D.C. Code § 13-423(a). Jurisdiction based solely on this provision is specific, i.e., "only a claim for relief arising from acts enumerated in this section may be asserted against [the defendant]." D.C. Code § 13-423(b). However, for purposes of subsection (a)(4), although personal jurisdiction can be exercised for "'a claim for relief [that] aris[es] from the person's . . . causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia . . . .'", *Etchebarne-Bourdin v. Radice*, 982 A.2d 752, 761 (D.C. 2009) (quoting [D.C. Code § 13-423](a)(4)), "[s]ubsection (a)(4) further requires that jurisdiction can be exercised over [a defendant] only if [he] also [has]

an additional contact with the District, in this case, if [he] 'engages in any other persistent [course of] conduct . . . in the District of Columbia[,]'" *id.* (quoting [D.C. Code § 13-423(a)(4)]).

The only possible subsection on which Plaintiff can rely in this case to establish that this Court has personal jurisdiction over Defendants is subsection (a)(4). Therefore, he must establish that Defendants committed a tortious act outside the District of Columbia, which caused him injury in the District of Columbia and, additionally, that they "engage[d] in any other persistent course of conduct . . . in the District of Columbia." D.C. Code § 13-423(a)(4). At oral argument, Plaintiff reiterated that he was basing his argument that the Court had personal jurisdiction over Defendant Brown, at least in part, on the email that Defendant Brown had sent him on July 8, 2010. However, despite the Court's repeated questioning at oral argument, Plaintiff was unable to identify any facts to support his conclusory assertion that Defendants had engaged in a persistent course of conduct in the District of Columbia.[3]

Having reviewed all of the parties' submissions and their oral arguments, the Court concludes that Plaintiff has alleged no facts that would support even an inference, let alone a finding, that this Court has personal jurisdiction over Defendants.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Kay's August 12, 2013 Report and Recommendation is

---

[3] The Court notes that, when it asked Defendants about the websites/businesses that Plaintiff alleged they owned and through which they might have had some connection to the District of Columbia, Defendant Terrance Houlahan responded that he did no business in the United States and Defendant Brown responded that, although she had planned to do some business through a website at one time, she had never completed or activated the website.

**ACCEPTED** insofar as Magistrate Judge Kay recommended that this Court dismiss the case for lack of personal jurisdiction;[4] and the Court further

**ORDERS** that Defendant Brown's motion to dismiss is **GRANTED without prejudice**[5] on the ground that this Court lacks personal jurisdiction over her; and the Court further

**ORDERS** that Defendant Terrance Houlahan's motion to dismiss is **GRANTED without prejudice** on the ground that this Court lacks personal jurisdiction over him; and the Court further

**ORDERS** that Defendant Terrance Houlahan's motion for sanctions is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: October 8, 2013
       Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge

---

[4] The Court also agrees with Magistrate Judge Kay's conclusion that the District of Columbia is not the proper venue for this action.

[5] Dismissal is without prejudice because the Court did not reach the merits of Plaintiff's claims. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1091 (D.C. Cir. 1998) (citing Wright & Miller, § 2373 at 406 (1995) (noting that "dismissals that do not reach the merits because of a lack of jurisdiction . . . must be considered to be without prejudice")) (other citations omitted).